THE STATE OF OHIO, APPELLEE, *v.* BRANHAM, APPELLANT.
(Two cases.)

(Nos. 326 and 327—Decided October 14, 1968.)

*Mr. Robert A. Jones* and *Mr. Chris Erhardt,* for appellee.

*Mr. Vernon R. Brose,* for appellant.

*Per Curiam.* This appeal from the Clermont County Court is here pursuant to leave to appeal heretofore granted by this court.

The record reveals that on March 1, 1965, defendant was charged with the unlawful operation of a motor vehicle while under the influence of alcohol, contrary to Section 4511.19 of the Revised Code.

The record shows, further, that on March 9, 1965, defendant was charged with driving a motor vehicle upon the highway without having been licensed under Sections 4507.01 to 4507.39, inclusive, Revised Code, particularly with violation of Section 4507.02, Revised Code.

Defendant was found guilty and sentenced to a fine and costs, plus six months' license suspension on the March 9 charge.

Defendant was also found guilty of public intoxication, a violation of Section 3773.22, Revised Code, after trial on the charge of March 1 relating to Section 4511.19, Revised Code, and sentenced to pay a fine and costs.

On March 19, 1965, defendant appeared and joined with the state in requesting a continuance until April 2, 1965. Thereafter, although defendant appeared ready for trial, each time the state received continuances on April 2, April 15, May 6 and June 4, with defendant objecting and moving for a dismissal each time. Defendant then asked for a jury trial, which was set for October 13, 1965. Defendant was notified of a continuance and, thereafter, notified of a setting on December 6, 1965. Defendant's counsel could not meet the setting of December 6 and withdrew the jury demand. Finally, the case was set and tried on December 16, 1965.

The cases were under advisement until May 23, 1966, when findings of guilty were made and sentence imposed forthwith in the absence of the defendant who, through counsel, was notified by telephone and letter of the action by the court.

Defendant's motion for new trial, filed on June 2, 1966, was, on July 11, 1966, overruled as not being timely filed and, at the same time, the court attempted to remedy the imposing of sentence in absentia by calling up defendant and imposing sentence in accordance with Section 2947.05, Revised Code.

The narrative bill of exceptions has attached to the caption sheet the following statement over the signature of the trial judge:

"CLERMONT COUNTY COURT

"CLERMONT COUNTY, OHIO

"STATE OF OHIO

      vs          Case No. 905 & No. 923

"ARCHIE BRANHAM

"The bill of exceptions as tendered by the attorney for the defendant, Archie Branham is substantially correct; however some testimony elicited by the prosecuting attorney, on his direct examination has been omitted. The portion omitted was that the prosecutor on direct examination asked Nick Morse, O. S. P. whether or not the defendant admitted driving the car on the date in question and the answer of Mr. Morse was in the affirmative.

"At the conclusion of the trial on December 16, 1965, the cases were taken under advisement and a decision rendered on May 23, 1966, finding the defendant guilty of violating Code Section 4507.02 and Section 3773.22, a lesser charge then the original affidavit had charged, the violation of Section 4511.19. Sentencing was also given at that time, however the defendant was not in court at the time sentence was pronounced but the attorney was notified by telephone and letter of the findings of the court and the terms of the sentences.

"Thereafter the defendant through his counsel filed a motion for a new trial on June 2, 1966, this motion came on for hearing on July 11, 1966, and was denied by the court for the reason that the motion for a new trial had not been timely filed. The motion was not heard on the merits. At the same time, July 11, 1966, Mr. Branham was re-sentenced after the formalities were properly fol-

lowed by the court and the identical sentences were pronounced as previously stated on May 23, 1966.

"/s/ Louis J. Schwartz
Judge, Clermont County Court."

The narrative bill of exceptions contains no substantial evidence of a violation of Section 4511.19 or of Section 3773.22 of the Revised Code.

Defendant was not found guilty as charged under Section 4511.19, Revised Code; and, never having been charged under Section 3773.22 and never having had an opportunity to defend a charge under that section, he could not be found guilty of violating that section. Section 4507.02 merely requires an operator's license, and the only evidence in the record is that defendant had one but did not have it with him. Failure to have his license while driving is not an issue in this record.

Defendant claims his constitutional right to a speedy public trial was violated by the many continuances granted to the prosecutor, and this court is inclined to agree that defendant was denied a fair trial.

It is clear that defendant may not be charged under one section and found guilty under an entirely different section. There is no question of included lesser offenses under these sections. The finding of guilty of not having a driver's license is directly contrary to the only evidence in the record.

The judgment of guilty in each of these cases is hereby reversed, and the defendant discharged.

*Judgment reversed.*

Long, P. J., Hildebrant and Shannon, JJ., concur.